IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK N. ANDERSON** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **CIVIL ACTION 04-0050-CG-D** |
| | ) |
| **BISHOP STATE COMMUNITY** | ) |
| **COLLEGE** | ) |
| | ) |
|     **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff brought this action against defendant alleging discrimination and harassment under Title IX, 20 U.S.C. § 1681 *et seq*., and the Fourteenth Amendment to the United States Constitution. (Doc. 1)  This action was referred to the undersigned Magistrate Judge pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the court on plaintiff's failure to prosecute and failure to obey the court's orders.  (Doc. 9)

### I.    Procedural Background

Plaintiff filed the instant action against defendant Bishop State on or about January 23, 2004 alleging claims of harassment, discrimination based on race, sex and sexual orientation, conspiracy and violations of the Equal Protection Clause of the Fourteenth Amendment to the United States

1

Constitution. (Doc. 1) [1] On July 22, 2004 plaintiff paid the requisite filing fee. (Doc. 6) The matter came before the court on status review and on June 30, 2005 the undersigned issued an order directing plaintiff to show cause on or before July 19, 2005 why he failed to serve the defendant within 120 days of filing the complaint. (Doc. 7) In response to the court's order the plaintiff filed a document entitled "Effective Summon on the Defendant"(Doc. 8) wherein plaintiff maintained that he "have [sic] already service summon on the defendant and copies of the plaintiff's complaint and amended complaint to the Title IX Officer of Bishop State Community College and file it in this District Court." (Doc. 8) [2]

The undersigned then issued a second order on July 25, 2005 noting the deficiencies in plaintiff's "service" as described in his response. (Doc. 9) Specifically, the court noted that:

> Plaintiff does not indicate *when* he maintains this service was effected, nor does he respond to the court's show cause order directing him to explain his failure to serve the defendant within 120 days of filing the complaint. Plaintiff's lone representation that he "served" the defendant is insufficient under the rules. See Rule 4, of the Federal Rules of Civil Procedure.   Moreover, the docket sheet reflects that no summons has been issued by the court in this matter.

(Id.) In the order, the undersigned set out the service requirements, quoting Rule 4 at length. (Id.) Plaintiff was ordered to file the necessary information with the Clerk to prepare the summons, (e.g, the name of the person who may accept service of process for defendant, the correct address, etc.) and

---

[1] In 2003 plaintiff filed a similar action against defendant Bishop State Community College, alleging claims under various amendments to the United States Constitution, 42 U.S.C. § 1985 and Title IX. See Patrick Anderson v. Bishop State Community College, 03-595-CB-B.      On April 26, 2005 Senior United States District Judge Charles R. Butler, Jr., upon *sua sponte* review of plaintiff's amended complaint, entered an order dismissing plaintiff's claims on the grounds, in sum that the they failed to state a claim against the defendant.

[2] The docket sheet reflects that *no amended complaint* has been filed with the court in this action.

was further ordered to respond to the court's original order directing plaintiff show cause why he failed to serve defendant within 120 days of filing the complaint. (Id.)  Plaintiff was "strongly cautioned that the failure to respond to this court's orders as directed will result in a recommendation of dismissal of this action for failure to prosecute and failure to obey the court's orders."  (Id.) (emphasis in original)

In response to the court's July 25, 2005 directive, plaintiff filed a document entitled "Effective Summon" (Doc. 10).  The document, which is dated July 27, 2005 and bears the signature of  "Patrick N. Anderson" states, in full, as follows:

> Since the undersigned said, the pro se Plaintiff is ignorance of the law, so Plaintiff will continually say he already service the summon upon Mrs. Madeline Stokes Bishop State Community College Main Campus Mobile Alabama 36603-5898, and file it in the District Court and will not show cause nothing.  Everybody in Mobile County and the surrounding areas are **VERY STUPID, VERY IGNORANCE, VERY RUDE** and cannot give the Plaintiff nothing.  You can do what you want with this case; you do not know me at all.

(Doc. 10) (emphasis in original)

## II.    DISCUSSION

Plaintiff's recalcitrant attitude toward this court and toward these proceedings is evident in his pleadings.  Although plaintiff has been given every opportunity to proceed with this action, he steadfastly refuses to comply with the rules of this court and the Federal Rules of Civil Procedure.  Plaintiff's response that he "will not show cause nothing" and "[y]ou can do want you want with this case..." reflects his defiant attitude and general disrespect for this institution.  In addition, although he has been cautioned on prior occasions by other judges in this court to refrain from including derogatory

and inflammatory language in his pleadings, plaintiff continues to ignore those warnings. [3]

Due to plaintiff's failure to comply with the court's orders the undersigned concludes that plaintiff has abandoned the prosecution of his action. Upon consideration of the alternatives available to the court and of the time and resources expended by defendants in defending this action, it is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. See Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S.

---

[3] In February 2005, Chief Judge Callie V.S. Granade addressed plaintiff's propensity for invoking derogatory language in his pleadings and warned that any future pleadings of that nature would be stricken. See Patrick N. Anderson v. District Two (The Black Community), 04-0060-CG-M Judge Granade stated, in pertinent part:

> "The court notes that many, if not all, of plaintiff's pleadings in this and plaintiff's other cases in this court contain inflammatory remarks about the defendants and/or defendants' counsel. The court finds the inclusion of such inflammatory statements in court pleadings to be totally unacceptable, and if plaintiff files any more papers in this court including like language, those pleadings will be stricken. It is FURTHER ORDERED that Patrick N. Anderson shall cease and desist from filing pleadings in any action in this court which contain unnecessarily abusive, derisive, or invective language."

Id.

32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

### III.  CONCLUSION

For the reasons stated herein, it is the recommendation of the undersigned Magistrate Judge that plaintiff's complaint be dismissed for failure to comply with the court's orders and failure to prosecute.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 5th day of August, 2005.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                **KRISTI K. DuBOSE**
                **UNITED STATES MAGISTRATE JUDGE**